# EXHIBIT

# A

# Orange County District Court

**801 W Division. Orange, 77630 TX. Phone: (409)882-7825 EXT**
## CASE HISTORY FOR CASE 190435-C
### Steve Tarver, et al VS.  Allstate Texas Lloyds

FILED DATE: 10/22/2019        CASE TYPE: C/CONTRACT - OTHER        STATUS: JURY DEMAND

JUDGE: 260th District Court

## CASE PARTIES:

| | |
|---|---|
| Plaintiff | Tarver, Steve |
| Plaintiff Attorney | Scott, Danny Ray |
| Defendant | Allstate Texas Lloyds |
| Plaintiff | Tarver, Janna |
| Defendant Attorney | Causey, John M. |

## CASE HISTORY FOR CASE 190435-C

### Allstate Texas Lloyds

1999 Bryan Street,  Suite 900

Dallas, TX  75201

| | |
|---|---|
| Current Age:  Unknown | DOB:  Unknown |
| DL#: | SSN:  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 |
| Total Paid:  $ 0.00 | Balance Due:  $ 0.00 |

| COST | AMOUNT | PAY PRIORITY |
|---|---|---|
| | | |

**Total:**

| DATE | TIME | DESCRIPTION |
|---|---|---|
| 11/15/2019 | 4:39 pm | Filing recorded: COPY REQUEST + <br> Allstate Texas Lloyds |
| 11/12/2019 | 3:38 pm | Filing recorded: DEFT'S ORIG ANS + <br> Allstate Texas Lloyds |
| 11/12/2019 | 3:27 pm | Filing recorded: COPY REQUEST + <br> Allstate Texas Lloyds |
| 10/31/2019 | 8:50 am | Filing recorded: CITATION RETURNED + <br> Allstate Texas Lloyds |
| 10/25/2019 | 9:51 am | Received payment of $385.00 from Danny Ray Scott (EFILE) for Steve  Tarver.  Printed receipt #526573. <br> Tarver, Steve |
| 10/23/2019 | 10:10 am | ANNETTEV recorded the following Case Action Note: Scanned to OP. <br> Tarver, Steve |
| 10/23/2019 | 9:47 am | Filing recorded: CITATION/S ISSUED + CMRRR <br> Allstate Texas Lloyds |
| 10/23/2019 | 9:44 am | Filing recorded: CITATION REQUESTED (CERTIFIED MAIL) <br> Tarver, Steve |
| 10/22/2019 | 10:10 am | Filing recorded: JURY DEMAND + (NO  IMAGE) <br> Tarver, Steve |
| 10/22/2019 | 9:43 am | Filing recorded: REQ FOR PROCESS FORM <br> Tarver, Steve |
| 10/22/2019 | 9:41 am | Filing recorded: PLAINTIFF'S ORIGINAL PETITION <br> Tarver, Steve |
| 10/22/2019 | 9:40 am | Filing recorded: E-FILE RECEIPT <br> Tarver, Steve |

**STATE OF TEXAS**

**COUNTY OF ORANGE**

I, VICKIE EDGERLY, Clerk of the District Court in and for Orange County, Texas, do hereby certify that the above and foregoing is a copy and appears as the record in my office.

Witness my official seal and signature of office on Orange, Texas, on November 15, 2019.



**VICKIE EDGERLY, DISTRICT CLERK**
ORANGE COUNTY, TEXAS

[Print this page](#)

# Case # D190435-C - Steve Tarver, et al Vs. Allstate Texas Lloyds (260th Judge Steve Parkhurst)

## Case Information

| | |
|---|---|
| Location | Orange County - District Clerk |
| Date Filed | 10/22/2019 2:59 PM |
| Case Number | D190435-C |
| Case Description | Steve Tarver, et al Vs. Allstate Texas Lloyds |
| Assigned to Judge | 260th Judge Steve Parkhurst |
| Attorney | Danny Scott |
| Firm Name | Scott Law Offices |
| Filed By | Danny Scott |
| Filer Type | Not Applicable |
| Damages Sought | Over $200,000 but not more than $1,000,000 |

### Fees

| | |
|---|---|
| Convenience Fee | $11.60 |
| Total Court Case Fees | $262.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $136.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.25 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $412.85 |

### Payment

| | |
|---|---|
| Account Name | Frost Business Visa |
| Transaction Amount | $412.85 |
| Transaction Response | Approved |
| Transaction ID | 56465759 |
| Order # | 037864170-0 |

## Petition

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition |
| Filing Description | Tarver Original Petition |
| Reference Number | Steve Tarver |

Comments                                    Previously filed and rejected
Status                                      Accepted
Accepted Date                               10/22/2019 3:50 PM
Accept Comments                             Thank you, Justin
**Fees**
Court Fee                  $136.00
Service Fee                $0.00


Optional Services
Copies - Service           $13.00 (13 x $1.00)
Issue Citation             $8.00
Jury Fee                   $40.00
Service - Certified Mail   $75.00
**Documents**
*Lead Document*            Plaintiffs Original Petition.pdf        [Original]   [Transmitted]


**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Danny Ray Scott casenotifications@scottlawyers.com | Scott Law Offices | EServe | Sent | Yes | Not Opened |
| Danny Ray Scott casenotifications@scottlawyers.com | Scott Law Offices | EServe | Sent | Yes | Not Opened |



**Petition**
Filing Type                                 EFileAndServe
Filing Code                                 Petition
Filing Description                          Request for Process
Reference Number                            Steve Tarver
Comments                                    Previously filed and rejected
Status                                      Accepted
Accepted Date                               10/22/2019 3:50 PM
**Fees**
Court Fee                  $0.00
Service Fee                $0.00
**Documents**
*Lead Document*            Request for Process.pdf         [Original]   [Transmitted]

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Danny Ray Scott<br>casenotifications@scottlawyers.com | Scott Law Offices | EServe | Sent | Yes | Not Opened |
| Danny Ray Scott<br>casenotifications@scottlawyers.com | Scott Law Offices | EServe | Sent | Yes | Not Opened |

FILED 10/22/2019 2:59 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 37864170
Reviewed By: Justin Rhodes



## Vickie Edgerly
*Orange County District Clerk*
*801 W. Division Ave.*
*Orange, Texas 77630-6364*
**Phone:** (409) 882-7825
**Fax:** (409) 882-7083

**Anne Reed**
**Chief Deputy - Civil**

Brandee Avery
Chief Deputy-Crimminal

# E-FILING REQUEST FOR PROCESS
All sections **must** be completed for processing this request

Section 1:
**Cause No.** D190435-C          260th          **Date** October 18, 2019

**Style of Case**: Steve Tarver & Janna Tarver v. Allstate Texas Lloyds

Section 2:
**Title of your Document  / Name of Pleading to be attached for Service**
 Plaintiff's Original Petition & Request for Disclosure

Section 3:
**Put the NUMBER of parties by the type of Service you're requesting below:**

____1____   Citation ($8.00 per party & per pleading)
_____   Temporary Restraining Order ($8.00 per party)
_____   Notice of Hearing/Notice to Show Cause/Order to Appear ($8.00 per party)
_____   Application for Protective Order/Temporary (Ex Parte) Protective Order **
          **Submit the **REQUIRED TCIC/NCIC Form** and List below the Law Enforcement Agency to be served on:
          _____
_____   Precept to Serve ($8.00 per party)
_____   Writ of _____ (8.00 per party)
_____   Citation  by Posting ($8.00 per party)
_____   Citation  by Publication ($8.00 per party)* Newspapers Name & Address:_____
_____   Citation  by  Secretary of State ($16.00 per party)
_____   Citation  by  Texas Highway Commission ($16.00 per party)
_____   Civil Bond Approval ($4.00)
_____   Other _____

Section 4:

**Put a ✓ by Type of Delivery below:**

_____   By E-Mail **(Please provide E-Mail address, Contact Name and Phone Number below)**
          _____

_____   Process Server
_____   Out of County
_____   Orange Co. Sheriff (add $75.00 per party & per piece of service)
_____   Writ Served by Orange Co. Sheriff (add $125.00 per party)
   ✓       Certified Mail-Return Receipt Requested (add $75.00 per party& per piece of service)  ☐ **Restricted Delivery**
_____   Protective Order
_____   Warrant or Capias (Civil $80.00)
_____   Other:_____

** **Service NOT being returned by E-mail:**
   There will be a service copy charge of $1.00 per page, per pleading & per party, Please list below the total
   amount of copies and cost you will be paying.

_____   **Copies for Service:**  Total Number of Pages, Per Party being served: _____,   $ _____

Section 5:

**Parties to Be Served:** (Please Type or Print)

**1. Name:** C T Corporation System

Address: 1999 Bryan Street, Suite 900

City: Dallas          State: Texas          Zip: 75201

Type of Service requested: Certified Mail

**2. Name:** _____

Address: _____

City: _____ State: _____ Zip: _____

Type of Service requested: _____

**3. Name:** _____

Address: _____

City: _____ State: _____ Zip: _____

Type of Service requested: _____

**4. Name:** _____

Address: _____

City: _____ State: _____ Zip: _____

Type of Service requested: _____

**5. Name:** _____

Address: _____

City: _____ State: _____ Zip: _____

Type of Service requested: _____

**6. Name:** _____

Address: _____

City: _____ State: _____ Zip: _____

Type of Service requested: _____

Section 6:

**Attorney's Name:** Danny Ray Scott

Address: P.O. Box 53358

City: Houston          State: Texas          Zip: 77052

Attorney's Telephone No.: (713) 941-9309          Attorney's Bar No.: 24010920

Attorney's E-Mail Address: casenotifications@scottlawyers.com

## THE STATE OF TEXAS

**To:**  **Allstate Texas Lloyds**
 **RA: C T Corporation System**
 **1999 Bryan Street,  Suite 900**
 **Dallas, TX 75201**

Defendant, **NOTICE:**

**YOU HAVE BEEN SUED.**  You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

Said    **PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE** was filed and docketed in the 260th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on October 22, 2019 in the following styled and numbered cause:

**Cause No:**    **D190435-C**

**Steve Tarver, et al VS.  Allstate Texas Lloyds**

The name and address of the attorney for Plaintiff otherwise the address of Plaintiff is:
**Danny Ray Scott**
**Scott Law Offices, P.C.**
**P.O. Box 53358**
**Houston, TX   77052**

**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this October 23, 2019.



**VICKIE EDGERLY, District Clerk**
Orange County, Texas

*Vickie Edgerly*

## CLERK'S RETURN FOR CERTIFIED MAIL

CAME TO HAND on the 23rd day of October, 2019, at 3:00 o'clock P.M. and executed in Orange County, Texas, by delivering to each of the within named defendants a true copy of this citation, by certified mail, return receipt requested, Addressee Only, the return receipt being attached to this citation and referred hereto for all pertinent purposes.

CERT.  MAIL  #9214  7969  0099  9790  1630  6613  88   DELIVERY  DATE:_____     RETURN DATE:_____

## ALTERNATE RETURN

CAME TO HAND on the _____day of _____, 20_____, at 3:00 o'clock P.M. and after due and diligent effort, having been unable to locate the within named Defendants in _____ _____ by certified mail, return receipt requested, Addressee Only, for the reason shown on the return receipt attached to this citation and referred hereto for all pertinent purposes.

**VICKIE EDGERLY, District Clerk**
Orange County, Texas

By:_____Deputy



# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

**For delivery information, visit our website at www.usps.com®**

9214 7969 0099 9790 1630 6613 88

| Certified Mail Fee | | |
|---|---|---|
| **$    $3.50** | | |

Extra Services & Fees *(check box, add fee as appropriate)*

| ☐ Return Receipt (hardcopy) | $ ___ $2.80 ___ | |
| ☐ Return Receipt (electronic) | $ _____ | |
| ☐ Certified Mail Restricted Delivery | $ ___ $0.00 ___ | |
| ☐ Adult Signature Required | $ _____ | |
| ☐ Adult Signature Restricted Delivery | $ _____ | |

Postmark
Here

Postage

**$    $0.500**

Total Postage and Fees
**$    $6.800**

*Sent To*       Allstate Texas Lloyds
            c/o RA: C T Corporation System
*Street, Apt. No.,*   1999 Bryan Street, Suite 900
*or PO Box No.*   Dallas, TX 75201
*City, State, Zip+4*
            10/23/2019  10:21:35AM

Code: D190435-C  AV
Code2: Tarver OP

**PS Form 3800, April 2015**       **See Reverse for Instructions**

### THE STATE OF TEXAS

To:    **Allstate Texas Lloyds**
     **RA: C T Corporation System**
     **1999 Bryan Street,  Suite 900**
     **Dallas, TX 75201**

                                                Defendant, **NOTICE:**

     **YOU HAVE BEEN SUED.**  You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

     Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

     Said    **PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE** was filed and docketed in the 260th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on October 22, 2019 in the following styled and numbered cause:

**Cause No:**    **D190435-C**

**Steve Tarver, et al VS.  Allstate Texas Lloyds**

     The name and address of the attorney for Plaintiff otherwise the address of Plaintiff is:
         **Danny Ray Scott**
         **Scott Law Offices, P.C.**
         **P.O. Box 53358**
         **Houston, TX   77052**

     **ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this October 23, 2019.



                            **VICKIE EDGERLY, District Clerk**
                            Orange County, Texas

### CLERK'S RETURN FOR CERTIFIED MAIL

     CAME TO HAND on the 23rd day of October, 2019, at 3:00 o'clock P.M. and executed in Orange County, Texas, by delivering to each of the within named defendants a true copy of this citation, by certified mail, return receipt requested, Addressee Only, the return receipt being attached to this citation and referred hereto for all pertinent purposes.

CERT.  MAIL  #9214  7969  0099  9790  1630  6613  88  DELIVERY  DATE: 10-25-2019  RETURN DATE: 10-31-2019

### ALTERNATE RETURN

     CAME TO HAND on the _____ day of _____, 20_____, at 3:00 o'clock P.M. and after due and diligent effort, having been unable to locate the within named Defendants in _____ _____ by certified mail, return receipt requested, Addressee Only, for the reason shown on the return receipt attached to this citation and referred hereto for all pertinent purposes.

                            **VICKIE EDGERLY, District Clerk**
                            Orange County, Texas

                            By:_____Deputy



## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

**For delivery information, visit our website at www.usps.com®**

9214 7969 0099 9790 1630 6613 88

| Certified Mail Fee | |
|---|---|
| $ $3.50 | |

**Extra Services & Fees** *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ ___$2.80___
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ ___$0.00___
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

| Postage | |
|---|---|
| $ $0.500 | |

Total Postage and Fees
$ $6.800

*Sent To*          Allstate Texas Lloyds
                   c/o RA: C T Corporation System
*Street, Apt. No.,* 1999 Bryan Street, Suite 900
*or PO Box No.*     Dallas, TX 75201
*City, State, Zip+4*

                   10/23/2019  10:21:35AM

Code: D190435-C AV
Code2: Tarver OP

**Form 3800, April 2015**          **See Reverse for Instructions**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name)
Antoinette Williams

C. Date of Delivery
OCT 2 5 2019

1. Article Addressed to:

Allstate Texas Lloyds
c/o RA: C T Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201

10/23/2019  10:21:35AM



9290 9969 0099 9730 6613 95

D. Is delivery address different from item 1?  ☐ Yes
   If YES enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
9214 7969 0099 9790 1630 6613 88

PS Form 3811, April 2015 PSN 7530-02-000-9053

**Domestic Return Receipt**

FILED 10/22/2019 2:59 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 37864170
Reviewed By: Justin Rhodes

CAUSE NO. D190435-C

| | | |
|---|---|---|
| STEVE TARVER and  JANNA TARVER | § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| | § | |
| v. | § | 260th  JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| Defendant. | § | ORANGE COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Plaintiffs, Steve Tarver and Janna Tarver, file this original petition against defendant, Allstate Texas Lloyds (hereinafter referred to as "Allstate"), and allege as follows:

### A. DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively plead that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiffs seek monetary relief over $100,000.

### B. RELIEF

2.      Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.  TEX. R. CIV. P. 47(c)(4).

### C. PARTIES

3.      Plaintiffs, Steve Tarver and Janna Tarver (hereinafter referred to as "plaintiffs" or "insureds") are individuals and residents of Orange County.

4.      Defendant, Allstate Texas Lloyds, hereinafter "Allstate," is a domestic insurance carrier, incorporated and engaging in the business of insurance in the State of Texas, and may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### D. JURISDICTION

5.     This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

### E. VENUE

6.     Venue is mandatory and proper in Orange County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

### F. CONDITIONS PRECEDENT

7.     All conditions precedent to recovery have been performed, waived, or have occurred.

### G. FACTS

8.     Plaintiffs are the owners of a homeowner insurance policy, policy number 938 636 100, issued by the defendant (hereinafter referred to as the "policy").

9.     Plaintiffs own the insured property that is specifically located at 8226 Earsel Road, Orange, Texas 77632 (hereinafter referred to as the "property").

10.    Defendant or its agent sold the policy, insuring the property, to plaintiffs.

11.    On or about August 26, 2017, plaintiffs' property sustained windstorm and hail damage.  Plaintiffs' dwelling roof and garage roof sustained extensive damage during the storm including damage to the shingles, pipe jack, drip edge, and other structural parts of the dwelling roof and garage roof.   Water intrusion from the roof damaged the interior of the home including the including the wall of the living room.  After the storm, plaintiffs filed a claim with their insurance company, Allstate, for the damages to their home caused by the storm.

12.    Plaintiffs submitted a claim to Allstate against the policy for damage caused to the property as a result of the wind and hail.  Plaintiffs asked Allstate to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.  Allstate assigned claim number 0472624196 PBW to plaintiffs' claim.

13.    On or about September 28, 2017, Garth Knox (hereinafter referred to as "Knox"), on behalf of Allstate, inspected the property in question. The storm caused significant damage to the dwelling roof and garage roof, including pitting and loss of granules to the shingles. The hail pitting damage bruised the shingles, while removing and crushing the granules. Wind damage uplifted and removed shingles, which would not allow the shingles to reseal to prevent water intrusion.  The wind lifted and loosened the nails that previously fastened the shingles to the sheathing.   Water penetrated the newly created openings and damaged the plywood sheathing.

14.    Knox's unreasonable investigation of the claim included a failure to comply with Allstate's policies and procedures concerning dwelling roof and garage roof inspections and when to replace or repair a dwelling roof and garage roof. The dwelling roof and garage roof required full replacement under Allstate's policies and procedures including repairs to the dwelling roof and garage roof jack, drip edge, and other structural parts of the dwelling roof and garage roof. Knox performed an unreasonable investigation by failing to document all of the damage to the dwelling roof and garage roof.  Knox did not conduct a thorough dwelling roof and garage roof inspection and denied coverage for the damage to the dwelling roof and garage roof. As a result of Knox's unreasonable and brief investigation, the insureds were wrongly denied the full cost to replace the dwelling roof and garage roof.

15.    Knox performed an insufficient and unreasonable interior investigation of the property.  Water intrusion from the window caused extensive damage to the wall of the living room.  The extensive damage to the interior of the property called for the drywalls to be sealed, hung, taped, and floated, removal and replacement of insulation, repair to the texture, painting, and content removal.  Knox did not conduct a thorough interior inspection and only allowed for a minimum cost for interior damages.  As a result of Knox's unreasonable investigation, the insureds were wrongly denied the full cost to repair all of the interior damage.

16.    Despite documenting damage to the dwelling roof and garage roof, Knox performed an insufficient and unreasonable interior investigation of the home.  As a result, Knox missed significant interior damages to the insureds' home.  Knox conducted an insufficient inspection and prematurely closed the insureds' claim.  At the time of the investigation, premature closing of claims was part of a pattern and practice of claims handling by Allstate.

17.    Allstate failed to properly adjust the claim and defendant has denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by the insureds.  Furthermore, Allstate underpaid portions of the insureds' claims by not providing full coverage for the damages sustained by the insureds, as well as under-scoping the damages during its investigation.

18.    To date, Allstate continues to delay in the payment for the damages to the property.  As such, the insureds' claim(s) still remain unpaid and the insureds still have not been able to properly repair the property.

19.     Allstate employs a system that, when properly operated, ensures a prompt, fair and efficient delivery of Allstate's promise to pay.  Allstate's claims system consists of, in part, the following:

    a.     Claims adjusting policies and procedures;

    b.     Claims handling procedures and materials and claim files to track customer claims;

    c.     Claim files containing documentation relating to:

        (1)     the investigation of Insured's claim;

        (2)     the evaluation of coverage, liability and damages;

        (3)     negotiation or alternative dispute resolution (ADR) to achieve settlement; and

        (4)     litigation management.

    d.     Claims underwriting procedures, files and reports that relate to:

        (1)     the condition of the risk at the time of underwriting and during the investigation of the claim;

        (2)     information provided by Allstate's claims representatives to underwriting department about the condition of the risk;

        (3)     information related to Allstate's establishment of "loss reserves," or funds set aside to pay losses such as the loss at issue in this lawsuit;

        (4)     loss control measures instituted by Allstate's underwriting department to identify corrective measures created to prevent or mitigate losses on this risk; and

(5)    on-site inspections conducted by Allstate's loss control personnel to provide underwriters with a thorough assessment of the risk.

e.    Personnel files and procedures relating to the qualifications, training and supervision of its employees; and

f.    Allstate's relationships with and procedures created to supervise third-party adjusters that it allows to handle its customers' claims.

20.    Allstate failed to follow applicable claim adjusting policies and procedures, including its own claim adjusting policies and procedures, while handling Insureds' claim.

21.    In addition, Allstate failed to properly assess the condition of the risk during the underwriting process and during the policy period and Allstate failed to establish a loss reserve that was commensurate with the risk and possible extent of the loss.    Allstate's improper underwriting actions negatively impacted the amount of funds available for a fair payment of the insureds' claim and provided Allstate with a motive to underpay and/or wrongly deny the insureds' claim.

22.    Allstate failed to properly qualify, train and supervise its employees and agents to whom Allstate entrusted the handling of various portions of the insureds' claim.    The identity of these agents and employees include, but are not limited to, Garth Knox.

23.    Allstate, its agents and employees failed to follow procedures and properly execute their duties as promulgated in Allstate's system of administering and handling the insureds' claim.    Allstate's actions, as detailed in the facts of this petition and the allegations set forth below, caused a system failure that resulted in Allstate's violation of the Texas Insurance Code, Texas Deceptive Trade Practices Act, as well as the violation of a host of Texas common law

principles of law.  These violations resulted in Allstate's denial to Insureds of the full protection and benefits of these laws and the policy benefits to which Insureds were entitled.

## H. Count 1 - Bad Faith

24.    Plaintiffs are insureds under an insurance contract issued by Allstate, which gave rise to a duty of good faith and fair dealing.

25.    Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

26.    Following its initial inspection conducted on September 28, 2017, Allstate possessed all information necessary to enable it to make a fair coverage and payment determination on plaintiffs' claim.   In addition, following its initial inspection, Allstate failed to provide coverage for all of the covered damage, including the damage that plaintiffs' inspector discovered during his inspection.  Although Allstate designed its claims investigation system in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, Allstate failed to honor its obligation to perform a reasonable investigation and issue timely payment to plaintiffs.

27.    Defendant's breach of duty proximately caused injury to plaintiffs, which resulted in the following damages:

    a.    mental anguish damages; and

    b.    loss of policy benefits.

28.    <u>Exemplary damages.</u>  Plaintiffs suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud,

which entitles plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## I. COUNT 2 - BREACH OF CONTRACT

29.    In addition to other counts, Allstate breached its contract with plaintiffs.

30.    Plaintiffs and defendant executed a valid and enforceable insurance contract. The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiffs' property caused by a covered peril, and that plaintiffs would pay insurance premiums and perform other obligations as outlined in the insurance policy.

31.    Plaintiffs fully performed plaintiffs' contractual obligations.

32.    Allstate breached the contract by refusing to pay the full amount of the cost to repair or replace the property. Allstate failed and refused to pay any of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiffs.

33.    Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

34.    <u>Attorney Fees.</u> Plaintiffs are entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiffs retained counsel, who presented plaintiffs' claim to Allstate. Allstate did not tender the amount owed within 30 days of when the claim was presented.

## J. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

35.    Defendant Allstate failed to explain to plaintiffs the reasons for Allstate's offer of an inadequate settlement. Allstate failed to offer plaintiffs adequate compensation without

adequate explanation of the basis in the policy for its decision to make less than full payment. Furthermore, Allstate did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle plaintiffs' claim.

36.    Allstate failed to affirm or deny coverage of plaintiffs' claim within a reasonable time. Specifically, plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Allstate.

37.    Allstate refused to fully compensate plaintiffs under the terms of the policy, even though Allstate failed to conduct a reasonable investigation.  Allstate performed an outcome-oriented investigation of the plaintiffs' claim which resulted in a biased, unfair and inadequate evaluation of plaintiffs' losses on the property.

38.    Allstate failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge plaintiffs' claim, begin an investigation of plaintiffs' claim, and request all information reasonably necessary to investigate plaintiffs' claim within the statutorily mandated time of receiving notice of plaintiffs' claim.

39.    Allstate failed to accept or deny plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.   In addition, Allstate failed to communicate with plaintiffs to ensure that plaintiffs understood the coverage denials they received.

40.    Defendants' acts or practices violated:

    a.    Texas Insurance Code chapter 541, subchapter B.

        (1)    Misrepresenting to a claimant a material fact or policy provision

relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

(2)      Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

(3)      Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3).

(4)      Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A).

(5)      Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7).

(6)      Making an untrue statement of material fact. TEX. INS. CODE §541.061(1).

(7)      Leaving out a material fact, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

b.      Texas Deceptive Trade Practices Act §17.46(b).

(1)      Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. TEX. BUS. & COM. CODE §17.46(b)(12).

c.      Texas Insurance Code Chapter 541.151.

41.   Defendants' acts and practices were a producing cause of injury to plaintiff which resulted in the following damages:

a.      actual damages; and

      b.     insurance policy proceeds.

42.   Plaintiffs seek damages within the jurisdictional limits of this Court.

43.   <u>Additional damages.</u>  Defendants acted knowingly, which entitles plaintiffs to recover treble damages under Texas Insurance Code section 541.152(b).

44.   <u>Attorney fees.</u>  Plaintiffs are entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### K. COUNT 4 - LATE PAYMENT OF CLAIMS

45.   Plaintiffs are insureds under a contract for homeowner's insurance issued by defendant.

46.   Defendant Allstate is a corporation.

47.   Plaintiffs suffered a loss covered by the policy and gave proper notice to Allstate of plaintiffs' claim.

48.   Allstate is liable for the claim and had a duty to pay the claim in a timely manner.

49.   Defendant breached its duty to pay plaintiffs' claim in a timely manner by not timely:

      a.     acknowledging the claim;

      b.     investigating the claim;

      c.     requesting information about the claim;

      d.     paying the claim after wrongfully rejecting it; and

      e.     paying the claim after accepting it.

50.   Allstate's breach of duty caused injury to plaintiffs, which resulted in the following damages:

      a.     mental anguish damages;

    b.    policy proceeds;

    c.    prejudgment interest

51.   <u>Statutory damages.</u> Plaintiffs are entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

52.   <u>Attorney fees.</u> Plaintiffs are entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## L. JURY DEMAND

53.   Plaintiffs respectfully request a trial by jury.

## M. CONDITIONS PRECEDENT

54.   All conditions precedent to recovery have been performed, waived, or have occurred. Pursuant to TEXAS INSURANCE CODE § 542A.003(d)(1), if the claimants have a reasonable basis for believing that there is insufficient time to give the required presuit notice before the limitations period will expire, then a presuit notice is impracticable and therefore not required. Claimants believe that claimants have insufficient time to give the statutorily required presuit notice before the applicable limitations period expires and therefore has filed suit prior to the expiration of sixty (60) days from defendant's receipt of the presuit notice.

## N. REQUEST FOR DISCLOSURE

55.   Under Texas Rule of Civil Procedure 194, plaintiffs request that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## O. PRAYER

56.    For these reasons, plaintiffs ask that they be awarded a judgment against defendant

for the following:

      a.    Actual damages.

      b.    Statutory damages.

      c.    Prejudgment and postjudgment interest.

      d.    Court costs.

      e.    Attorney fees.

      f.    All other relief to which plaintiffs are entitled.

                        Respectfully submitted,

                        Scott Law Offices, P.C.
                        P.O. Box 53358
                        Houston, Texas 77052
                        Telephone: (713) 941-9309
                        Facsimile: (844) 270-0740

                        */s/Danny Ray Scott*
                        —————————————————
                        Danny Ray Scott
                        State Bar No. 24010920
                        casenotifications@scottlawyers.com

                        *Attorney for Plaintiffs*

FILED 11/12/2019 9:34 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 38404646
Reviewed By: Justin Rhodes

## CAUSE NO. D190435-C

| | | |
|---|---|---|
| STEVE TARVER and JANNA TARVER,<br>    Plaintiffs | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | ORANGE COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYDS,<br>    Defendant. | §<br>§<br>§ | 260TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Texas Lloyds, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time Defendant asserts a general denial to Plaintiffs' Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiffs to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

1

### III.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because conditions precedent to Plaintiffs' recovery have not occurred.  For example, and without limitation, Plaintiffs failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by § 17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

### II.    NOTICE REQUIREMENT UNDER TEX. INS. CODE §542A

Section 542A.003 of the Texas Insurance Code provides that in addition to any notice required by law or the policy, not later than the 61st day before the date suit is filed, Plaintiffs must provide written notice to Defendant as a prerequisite to filing suit. Plaintiffs' failure to provide the required notice under sec. 542A.003 prior to filing this action constitutes a breach of that statute.

Because Plaintiffs failed to give notice as required by sec. 542A.003(b)(2) at least 61 days before filing this action, Plaintiffs are not entitled to recover attorneys' fees incurred after the date this defense was originally pled in this action.

### IV.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs' claims are excluded by the applicable insurance policy.

### V.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiffs' pleadings, none being admitted, were proximately caused in whole or in part

by the fault or negligence of Plaintiffs or others.   Accordingly, Plaintiffs' claims are barred or must be reduced under the doctrine of contributory or comparative fault.

## VI.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to cooperate in the handling of their claim, as required by the policy.

## VII.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred because such an award would violate Defendant's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

## VIII.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

### NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## XI.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

COMES NOW, Allstate Texas Lloyds, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the amount of $40.00 as jury fee.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Texas Lloyds, prays that the Plaintiffs recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

*/s/ John M. Causey*

_____

John M. Causey
State Bar No. 04019100
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

**ATTORNEYS FOR DEFENDANT**

Please be advised that the ***only*** valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on <u>November 12, 2019</u>, correctly addressed to:

> ***SCOTT LAW OFFICE, P.C.***
> ***Danny Ray Scott***
> ***P.O. Box 53358***                         ***VIA E-FILE***
> ***Houston, TX 77052***
> ***casenotifications@scottlawyers.com***

*/s/ John M. Causey*

_____

John M. Causey

5

Efiling Printable Envelope Receipt

# Case # D190435-C - Steve Tarver, et al Vs. Allstate Texas Lloyds (26

## Envelope Information

**Envelope Id**
38404646

**Submitted Date**
11/12/2019 9:34 AM CST

**Submitted User Name**
hcdocket@hope-causey.com

## Case Information

**Location**
Orange County - District Clerk

**Category**
Civil - Contract

**Case Type**
Insurance

**Case #**
D190435-C

**Assigned to Judge**
260th Judge Steve Parkhurst

## Filings

**Filing Type**
EFile

**Filing Code**
No Fee Documents

**Filing Description**
Letter to District Clerk Vickie Edgerly

**Client Reference Number**
Tarver, Steve v. Allstate

**Comments to Court**
Correspondence to Clerk

**Filing Status**
Accepted

**Accepted Date**
11/12/2019 10:41 AM CST

**Accept Comments**
Thank you, Justin

### Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| Ltr to Court for Full Records.pdf | Ltr to Court for Full Records.pdf | Does Not Contain Sensitive Data | Original File<br>Court Copy |

**Filing Type**
EFileAndServe

**Filing Code**
Answer/Response

**Filing Description**
Defendant Allstate Texas Lloyds Original
Answer

**Client Reference Number**
Tarver, Steve v. Allstate

**Comments to Court**
Please file

**Filing Status**
Accepted

**Accepted Date**
11/12/2019 10:41 AM CST

## Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| Orig. Ans.pdf | Orig. Ans.pdf | Does Not Contain Sensitive Data | Original File<br>Court Copy |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|---|---|---|---|---|
| Sent | Danny Ray Scott | Scott Law Firm | Yes | Not Opened |
| Sent | John M. Causey | Hope & Causey PC | Yes | Not Opened |
| Sent | Jennifer Lafata | Hope & Causey | Yes | 11/19/2019 2:17 PM CST |

## Parties with No eService

**Name**
Janna Tarver

**Address**

## Fees

### No Fee Documents

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | **Filing Total:** $0.00 |

### Answer/Response

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | **Filing Total:** $0.00 |

Total Filing Fee                                                          $0.00
                                                       **Envelope Total:** $0.00

| | | | |
|---|---|---|---|
| **Party Responsible for Fees** | Allstate Texas Lloyds | **Transaction Amount** | $0.00 |
| **Payment Account** | Derek M Causey | **Transaction Id** | 57231915 |
| **Filing Attorney** | John Causey | **Order Id** | |
| **Filer Type** | Not Applicable | **Transaction Response** | Authorized |

© 2019 Tyler Technologies
Version: 2018.1.7.8190